## Case No. 12,207.

SADLER et al. v. MAXWELL.

[3 Blatchf. 134.] [1]

Circuit Court, S. D. New York. Dec., 1853.

CUSTOMS DUTIES—PROTEST—REQUISITES.

1. Requisites of a protest against the imposition of duties, stated.

[See Bangs v. Maxwell, Case No. 841.]

2. The principles ruled in Goddard v. Maxwell [Case No. 5,492], as to protests, affirmed.

This was an action against [Hugh Maxwell] the collector of the port of New York, to recover back an excess of duties. The invoice, dated London, April 16th, 1851, was of one case of silk-worm gut, at 4s. per 1,000, amounting, with charges, to £83. 2s. 4d. The appraisers added £81. 15s. 11d. to the invoice prices, to make them equal to the market value in London. The plaintiffs [Joseph Sadler and others] demanded a reappraisement, and the merchant appraisers valued the goods at £399. The collector adopted the latter appraisement, and levied $714 duties, together with $10 appraisers' fees. The case turned upon the sufficiency of the protest, which was a printed one, the same in form as that in Goddard v. Maxwell [Case No. 5,-492], with a written clause inserted, but no more definite and specific than the one employed in that case.

BETTS, District Judge. Upon the face of the papers, the appraisals are extraordinary and deserving of explanation, if one can be legally demanded. The official appraisers added 100 per cent. to the invoice, and the merchant appraisers 400 per cent., and there is no evidence in the case affording reasonable ground for either valuation. But the court can only dispose of the matter upon the objections taken to the legal sufficiency of the protest, the protest being the foundation of the plaintiffs' right to avoid the appraisal and recover back the excess of duties levied.

Upon the principles ruled in Goddard v. Maxwell [Case No. 5,492], the importer was bound to state, in his protest, in plain and direct terms, his objections to the additions made to his invoice; and it was not enough for him to use general expressions, which may include the objections he wishes to raise. The collecter is not only to be put on his guard by explicit notice, but, as this court has repeatedly decided, the notice must be so specific as to advise him exactly what the error is, to enable him to correct it, if he deems it proper to do so. The court cannot regard objections to the proceedings of the collector made on the argument, however logically deduced from the averments in the protest, when the protest failed to lay them before the collector in terms unmistakably clear and precise.

There is no undue rigor in strictly enforcing the statutory requirements in respect to protests, because the importer always knows what is the ground of his complaint, and is, therefore, in a condition to make the collector understand it as completely as he does himself; and a public officer ought to be protected, in his official acts, against being made liable to serious losses personally, through the intentional or accidental reserves or ambiguities of protests.

Judgment for defendant.

## Case No. 12,208.

SADLER v. MORE.

[1 Cranch, C. C. 212.] [1]

Circuit Court, District of Columbia. Dec. Term, 1804.

WITNESS — ATTACHMENT FOR FEES — WHEN ALLOWED.

A witness cannot have an attachment for his fees until he has proved his attendance, obtained an order of court that the party should pay him, and produced evidence of the service of the order, and of the party's refusal to obey it.

Matthew Dulaney, a witness summoned by the defendant, applied for an attachment against him for not paying his fees for attending.

THE COURT were of opinion, that he must first prove his attendance, and get an order of court and serve it upon the defendant, and produce affidavit to that effect, and of the defendant's refusal to pay.